SCHOOL DISTRICT No. 6 IN BELCHERTOWN *vs.* JESSE RANDALL.

The prudential committee man of a school district, chosen by the district, pursuant to a vote of the town, is not liable to the district for money, received by him out of the treasury of the town, which had been raised by the town, and appropriated by it to the support of the school in such district, and placed to the credit of the district upon the town treasurer's books.

THIS was an action of assumpsit, commenced before a justice of the peace, and submitted to the court of common

pleas, and, upon appeal, to this court, upon the following statement of facts:

The defendant was chosen in 1846, by the School District No. 6, in Belchertown, the prudential school committee for the district, agreeably to a vote of the town. The town has never by vote authorized the prudential committee to control and pay the teachers, unless referring the choice of prudential committees to the school districts confers that power. The town at their annual meeting raised money for the support of the schools, and appropriated it among the several school districts, as was their custom, and the amount so appropriated to the several districts was passed to the credit of each district upon the town treasurer's books. At the time defendant was acting as prudential committee, the town had passed to the credit of District No. 6, sixty nine dollars. This sum was drawn from the town treasury by the defendant, upon an order of the selectmen founded upon the certificate of the defendant, which was the usual manner of drawing money from the town treasury for school purposes. The defendant paid, out of the sixty nine dollars, fifty one dollars to the teacher of the school, being all that was due the teacher for his services, and appropriated a further sum to pay charges for which the district was liable; and the balance of the sixty nine dollars, remaining in the defendant's hands, the plaintiffs seek to recover in this suit. If, upon the foregoing facts, the plaintiffs can maintain this action, judgment is to be rendered for them; otherwise, for the defendant.

*M. Lawrence*, for the plaintiffs.

*C. Delano*, for the defendant, cited Rev. Sts. *c.* 23, §§ 1, 9 & *seq.* 25, 26, 28, 57, 58; *Fourth School District in Rumford* v. *Wood*, 13 Mass. 193, 199; *Clark* v. *Great Barrington*, 11 Pick. 260; *School District in Sanford* v. *Brooks*, 10 Shepl. 543.

FLETCHER, J. The question is, whether the plaintiff can maintain this action to recover the money redeived by the defendant out of the town treasury.

To maintain this action in the name of the district, it is assumed on the part of the plaintiff, that when the sum of sixty nine dollars was credited to the district on the books of

the treasurer of the town, it became the property of the district; that the town had no further control of it, but it remained subject to the order of the district. But this proposition can find no support in the law. Our whole school system is framed upon an entirely different principle. Putting the money to the credit of the district by the treasurer of the town in his books was only a mode of keeping his accounts, to show how the money of the town was appropriated. Placing the money thus to the credit of the district gave the district no right to the money as against the town, nor did it in the least impair the right of the town to control the money, nor did it release the town from its obligation to see that the money was properly applied to the support of the schools. It in fact only showed the amount appropriated by the town to support a school for the benefit of the district.

The law imposes upon towns, and not upon districts, the obligation of maintaining schools. The money for this purpose must be raised by the town, and belongs to the town; and the town must see that it is properly applied to this purpose. It is no part of the duty of the prudential committee man to pay the teachers. He is not by his office the agent of either the district or the town for this purpose. The town may, if it thinks proper, determine that he may contract with the teachers; but the town must see to it that payment is made according to the contract. Furnishing the committee man with money to make payment, will not discharge the town from liability, if payment be not in fact made. In the present case, if the defendant had squandered the money, and had not paid the teacher, the teacher could have enforced his claim for wages against the town. The town, and the town only, is liable to the teachers for their wages, and they may constitute the prudential committee man, or any body else, their agent to make payment; and whoever is intrusted with the money of the town for this purpose, is, of course, responsible to the town, and not to the district.

The money was not put into the hands of the prudential committee man to be by him paid to the district, but to be by him applied to the use of the town, in paying the debts of the

town. If the money had been misapplied, or lost in any way, it would have been the loss of the town and not of the district, because it is the town, and not the district, which is bound to pay the teachers and maintain the school.

The error, which lies at the foundation of the plaintiff's case, is the assumption that the money credited to the district became the money of the district. Whereas, by this credit, the town only manifested the amount to be expended by the town to support a school for the benefit of the district. The prudential committee, when particularly authorized by the town, may contract with the teachers, and when he is not so authorized, the general school committee must make the contracts. The wages, thus contracted for, must be paid by the town, and not by the district, and the town is bound by law to raise the money for this purpose.

The district has power to raise money for certain specified purposes, but the money in question in this suit is money raised by the town and not by the district. The prudential committee was not in this case authorized to contract with the teachers; it was therefore the duty of the general school committee to provide a teacher to continue the school, so long as there was money raised by the town to pay the wages; and the money raised by the town should be applied to maintain the school, and not to pay expenses for which the district was exclusively liable.

The money in question in this case was raised by the town, and belonged exclusively to the town, and was in no sense the money of the district, and there is no ground on which this action can be maintained by the plaintiff. And judgment, therefore, on the facts, must be entered for the defendant.